JESSE HILL v. JOHN SPRINKLE and another.

*Judge's Charge -- Prayer for Instructions.*

Where a prayer for instructions to the jury is distinct, the response of the Court should be equally distinct; *Therefore*, where counsel asked the Court to charge "that when there is a conflict of testimony between witnesses of equal respectability, one of whom is a party in interest and the other not, the jury have the right to consider the question of interest in deciding upon the credibility of the witnesses," and the Court in response told the jury that they had a right to consider all the circum stances attending the examination of the witnesses on the trial and to weigh their testimony accordingly; *Held* to be error.

CIVIL ACTION, tried at Fall Term, 1876, of FORSYTHE Superior Court, before *Kerr, J.*

The plaintiff demanded payment of $300, balance due on a bond given for the purchase money of a tract of land.

As the only point decided in this Court involved the correctness of His Honor's charge to the jury in the Court below in response to instructions asked by plaintiff, which are set out by Mr. Justice BYNUM in delivering the opinion, a full statement of the facts is deemed unnecessary.

Verdict for the defendant. Judgment. Appeal by the plaintiff.

*Mr. T. J. Wilson,* for plaintiff.

No counsel for defendant.

BYNUM, J. Upon the trial, the defendant was introduced as a witness in his own behalf and his testimony was contradicted by one Lehman, a witness and former agent of the plaintiff.

The counsel of the plaintiff asked the Court to instruct the jury, "that when there is a conflict of testimony between witnesses of equal respectability one of whom is a

23

party in interest and the other not, the jury have the right to consider the question of interest in deciding upon the credibility of the witnesses." His Honor did not give the instructions in so many words, but told the jury "that they had a right to consider all the circumstances attending the examination of the witnesses on the trial and to weigh their testimony accordingly." The plaintiff had a right to the instructions asked and it may be that the Court intended those given as a substantial compliance with the prayer for instructions. But we do not think they were or that the jury so understood th m  It is questionable whether they or others understood that the interest of the defendant in the suit as affecting his credibility, was a circumstance attending the examination of a witness. as distinguished from deportment, intelligence means of knowledge and the like, which are more frequently understood as circumstances attending the examination of witnesses  At all events, the charge was not such a clear and distinct enunciation of an important principle of evidence as could leave no reasonable doubt of its meaning in the minds of the jury. The prayer was distinct and the response should have been equally so. For generations past and up to within the last few years, interest in the event of the action, however small, excluded a party altogether as a witness and that upon the ground, not that he may not sometimes state the truth, but because it would not ordinarily be safe to rely on his testimony. This rule is still applauded by great judges as a rule founded in good sense and sound policy." 1 Greenl. § 330.

Parties to the action are now competent witnesses, but the reasons which once excluded them still exist but go only to their credibility.

Interest like infamy does go to the credibility ; and therefore especially in the inauguration of the new rules of evidence, the relation of interest to credibility should be

impressed upon the jury in all cases of conflict of testimony, not as necessarily turning the scale in matters of doubt, but as an important fact to be considered by the jury in weighing one man's testimony against another's. The plaintiff having asked for was entitled to the specific instructions.

For this error there must be another trial.

PER CURIAM. *Venire de novo.*