ROBERT STIMPSON, RESPONDENT, *v.* UNION PACIFIC RAILWAY COMPANY, APPELLANT.

[See *Stimpson* v. *Railway Co.*, 8 Utah, 349.]

RAILROADS.—KILLING STOCK.—FENCING.—Under the act of March 13th, 1890, providing, "that each and every railway or railroad corporation * * * is hereby required to erect * * * and maintain a good and lawful fence on each side of such railroad

where such railroad passes through lands owned or settled and occupied by private owners," a railroad company is required to fence its track where the land in the vicinity of the place where stock of plaintiff was killed was settled upon, owned and occupied by farmers, even though the particular place was not under cultivation, but formed a part of tracts which were under cultivation.

Id.—Id.—Negligence by Statute.—*Semble* that in a statute the legislature may prescribe certain things to be done by a railroad company, which if not done, will render the company liable as for negligence in any event.

Id.—Id.—Proof of Ownership of Land.—Where in an act defining a railroad's duty in fencing its track "through lands owned and settled or occup'ed by private owners," in a suit for killing stock damages are sought on account of the railroad's negligence in not fencing its track in accordance with the statute, it is sufficient to show that the lands in the vicinity are cultivated, without any proof as to who is the owner or occupant.

Appeal from a judgment of the district court of the first district and from an order refusing a new trial, Hon. James A. Miner, judge. The opinion states the facts except that this is the same case as reported in 8 Utah, 349; a rehearing was granted and this subjoined opinion delivered upon the rehearing.

*Messrs. Williams and Van Cott,* for the appellant.

*Messrs. Painter and Murphy,* for the respondent.

Bartch, J.:

This action was brought by the respondent to recover the value of a horse which was killed by the appellant's train on its railway track. The jury returned a verdict in favor of the respondent for the sum of $132.50. The appeal to this court is taken from an order denying a motion for a new trial.

The contention of the appellant herein is that the evidence is insufficient to justify the verdict, and that

there was no evidence to show that, at the place where the horse was killed, the land was owned and settled or occupied by private owners. The law of this Territory which applies to this class of cases is found in the act approved March 13, 1890 (Sess. Laws 1890, p. 78), which reads as follows: "Each and every railway or railroad corporation operating a railroad within this Territory is hereby required to erect, within ninety days after the approval of this act, and thereafter maintain, a good and lawful fence on each side of such railroad where such railroad passes through lands owned and settled or occupied by private owners, with good and sufficient cattle guards at all street or road crossings, to prevent live stock from getting upon such railroad; and any such corporation failing to build and maintain fences and cattle guards as aforesaid shall be liable to the full value of all damages sustained by the owner or owners of any live stock killed or injured by the engine or cars of such corporation, with interest on such damages from the date of the killing or injuring of such live stock."

This law requires the railroad companies to fence their lines where the same shall pass through lands that are "owned and settled or occupied by private owners," to construct "good and sufficient cattle guards at all street and road crossings, and thereafter to maintain such fences and guards." If they fail to do this, they are liable for all damages to stock occasioned because of such neglect. It will be seen that such fencing and constructing of guards are limited to places where the land along the lines of railroads is owned and settled or occupied, and appellant contends that as to the ownership, etc., of the land the proof in this case is insufficient to entitle the respondent to recover. On the trial it was admitted that the defendant killed the horse, that when killed it was worth $125, that plaintiff owned it, and that the railroad was not fenced.

It appears from the evidence that the land in the vicinity of the place where the accident occurred was settled upon, owned, and occupied by farmers, and while, in the immediate vicinity, it was not under actual cultivation, yet it is shown to have formed portions of the tracts which were under cultivation. Some cultivated land appears to have been within a quarter of a mile of the place where the accident occurred, although there is some conflict in the evidence on this point. After an examination of the evidence as disclosed by the record, we are of the opinion that the locality in question was such that it became the duty of the defendant to fence its track as provided by the statute. The judgment is affirmed.

ZANE, C. J., and SMITH, J., concurred.