SALLIE R. HERNDON v. SOUTHERN RAILWAY COMPANY.

(Filed 22 May, 1913.)

Instructions—Interest of Witnesses—Courts—Expression of Opinion—Interpretation of Statutes.

A charge in an action for damages for a personal injury alleged to have been negligently inflicted, wherein the plaintiff as well as other witnesses, both for the plaintiff and defendant, had testified, some in the latter's employment, that in weighing the conflicting evidence the jury had the right to consider the interest the parties had in the result, the conduct of the witnesses upon the stand, their demeanor or bias upon the stand, their means of knowledge of what they had testified to, their character and reputation, etc., is not an intimation from the judge upon the weight of the evidence prohibited by statute, Revisal, sec. 535, as it applies equally to all witnesses testifying, both those of the plaintiff and defendant, and is not prejudicial as to either the one or the other.

CLARK, C. J., dissenting.

HERNDON *v.* R. R.

APPEAL by plaintiff from *Justice, J.,* at September Term, 1912, of MECKLENBURG.

Civil action tried upon these issues:

1. Was the *feme* plaintiff, Sallie R. Herndon, injured by the negligence of defendant, as alleged in the complaint? Answer: Yes.

2. What damages are the plaintiffs entitled to recover of the defendant? Answer: $500.

From the judgment rendered, plaintiff appealed.

*Maxwell & Keerans for plaintiff.*
*O. F. Mason, Shannonhouse & Jones for defendant.*

BROWN, J. The only assignment of error is directed to the charge of the court.

It must be admitted by any one who reads the charge in this case that it is a full, clear, and accurate statement of the law bearing upon each issue.

As each issue is found for plaintiff, it would seem that she has no reason to complain of the judge. If she was not awarded as large damages as she hoped for, it was evidently because the jury did not think she had sustained them. The charge upon the issue of damage was especially liberal to plaintiff, and permitted the jury to take into consideration every possible element of damage permissible in such cases, especially suffering in body and mind and shock to the nervous system. Taking the charge as a whole, we find nothing that either party can justly complain of. *Speight v. R. R.,* 161 N. C., 80.

His Honor, after charging fully, fairly, and correctly on each issue, concluded his charge with these words, to which plaintiff excepts, to wit: "Weigh all of this evidence, gentlemen, in every way, and in weighing it you have a right to take into consideration the interest that the parties have in the result of your verdict, the conduct of the witnesses upon the stand and their demeanor, the interest that they may have shown, or bias, upon the stand, the means they have of knowing that to which they testify, their character and reputation, in weighing this testimony, so as to arrive at the truth of what this matter is. Take the case, gentlemen."

This is but an admonition to the jury, and not pointed to any particular witness or party. It applies with equal force to the defendant as to plaintiff, and to all witnesses alike. The record shows that the defendant introduced quite a number of witnesses, including some in its employ.

In no sense can the charge quoted be considered as an expression of opinion upon the facts upon the part of the judge, and it is hard to see how it could be prejudicial to one party more than to the other.

His Honor's charge is but a caution to the jury, and is supported by authority.

In *Hill v. Sprinkle,* 76 N. C., 353, the trial judge was requested to instruct the jury "that when there is a conflict of testimony between witnesses of equal respectability, one of whom is a party in interest and the other not, the jury have the right to consider the question of interest in deciding upon the credibility of the witnesses"; and the Court said: "His Honor did not give the instructions in so many words, but told the jury 'that they had a right to consider all the circumstances attending the examination of the witneses on the trial, and to weigh their testimony accordingly.'

"The plaintiff had a right to the instructions asked for, and it may be that the court intended those given as a substantial compliance with the prayer for instruction; but we do not think that they were, or that the jury so considered them. It is a question as to whether they or others understood that the interest of the defendant in a suit as affecting his credibility was a circumstance attending the examination of a witness as distinguished from deportment, intelligence, means of knowledge, and the like, which are more frequently understood as circumstances attending the examination of witnesses.

"At all events, the charge is not such a clear and distinct enunciation of an important principle or fact as could leave any reasonable doubt of its meaning in the minds of the jury. The prayer was distinct, and the response should have been equally so.

"For generations past and up to within the last few years interest in the event of an action, however small, excluded a party

altogether as a witness, and that upon the ground, not that he may not sometimes speak the truth, but because it would not ordinarily be safe to rely on his testimony. This rule is still applauded by great judges as a rule founded on good sense and sound policy. The parties to the action are now competent witnesses, but the reasons which once excluded them still exist, to go only to their credibility."

It is said in 30 A. and E. Enc., 1094: "While the testimony of a party in interest, as that of any other witness, must be submitted to the jury, the interest . . . is a matter to be considered by the jury in weighing the testimony and determining what force it shall have."

"It is very generally held proper to instruct the jury that they may take into consideration the interest of a party or other witness in determining the credibility of his testimony, and according to the weight of authority the court may instruct the jury that they should consider such interest. Instructions of this character are not objectionable as charging the jury with respect to matters of evidence, and the refusal of such instruction is error, and the error is not cured by a general instruction that the jury are the judges of the credibility of the witnesses and the weight to be given to the testimony of each, nor by an instruction that the jury are to use their common sense and experience in regard to the credibility of witnesses." 38 Cyc., 1729.

"An instruction to the jury that they may consider the relations of the parties and witnesses, their interest, temper, bias, demeanor, intelligence, and credibility in testifying, is not a violation of the constitutional provision prohibiting judges from charging juries with respect to matters of fact, or commenting thereon." *Klepsch v. Donald,* 31 Am. St. Rep., 936; *Saalzar v. Taylor,* 33 Pac., 369; 46 Cent. Dig., title "Trial," 418, 193.

The instruction was not only very general in its character, but was not even imperative. It did not require the jury to scrutinize the testimony or even to consider the interest of parties, but stated simply that the jury had the right so to do.

In this respect the case is clearly distinguishable from the cases relied upon by the learned counsel for plaintiff.

In those cases the court directed the jury to "scrutinize all
the evidence with great caution, considering their interest in
the result of the verdict," or that it should "be regarded with
suspicion and carefully scrutinized," or to "scrutinize the testi-
mony of the defendants and receive it with grains of allowance
on account of their interest," or that "it was their duty to
scrutinize the testimony," or to "scrutinize the testimony and
receive it with grains of allowance," or some similar direction;
whereas, in the case at bar, the trial judge simply informed the
jury that they had "a right to take into consideration the in-
terest that the parties have in the result of your verdict, the
conduct of the witnesses upon the stand, and their demeanor, the
interest that they may have shown or bias upon the stand, the
means they have of knowing that to which they testified, their
character and reputation, in weighing this testimony, so as to
arrive at the truth of what the matter is."

This charge did not single out the plaintiff as an object of
suspicion, as in *S. v. Holloway,* 117 N. C., 732, in which the
court instructed the jury "they had a right to scrutinize closely
the testimony of the defendants and receive it with grains of
allowance on account of their interest in the event of the
action."

To same effect is *S. v. Graham,* 133 N. C., 652, and *S. v.
McDowell,* 129 N. C., 532; *S. v. Vann, post.*

In *Speight v. R. R.,* 161 N. C., 80, the court singled out the
plaintiff, and charged, "It is your duty to carefully consider
the testimony of the plaintiff and ascertain the best you can
what influence the interest she has in the suit would have upon
her testimony," etc.

It is useless to comment further upon the cases cited by plain-
tiff, for in none of them was the charge so general and so appli-
cable to all parties and all witnesses alike as in this case.

We fully agree with what *Mr. Justice Walker* well says in
*S. v. Ownby,* 146 N. C., at page 678, that "the slightest inti-
mation from a judge as to the strength of the evidence or as to
the credibility of a witness will always have great weight with
the jury, and, therefore, we must be careful to see that neither

party is unduly prejudiced by any expression from the bench which is likely to prevent a fair and impartial trial."

But we cannot agree with counsel for plaintiff, that the charge quoted is the slightest expression of opinion upon the facts. It is but the statement of a proposition, the truth of which is self-evident, and was applied alike to all parties and their witnesses.

No error.

CLARK, C. J., dissenting: The *feme* plaintiff was seriously injured in a derailment. The defendant placed no witness on the stand to explain the cause of the derailment or to testify to the extent or nature of the injuries sustained by the *feme* plaintiff. The only witnesses testifying as to these injuries and the derailment were the plaintiff herself and her son: The defendant did not put upon the stand a single witness who was or had been in its employ. The physicians on both sides testified that they could not tell exactly how severe nervous shocks affected patients, and had to rely upon what the patient told them in the treatment thereof.

Not a single witness on either side had, or claimed to have. any interest in the result of the action except the *feme* plaintiff, her husband and her son: These alone knew the extent of her suffering and injuries. The verdict of the jury on the second issue as to damages was dependent almost entirely upon the testimony of these witnesses. While there were other witnesses, the testimony of these was the foundation upon which the jury had to rely in awarding damages. The defendant contended before the jury that these witnesses had magnified plaintiff's injuries, and that she was not really injured at all.

The court told the jury: "Weigh all this evidence, gentlemen, in every way, and in weighing it you have a right to take into consideration the interest that the parties have in the result of your verdict." No parties testified in the action who had any interest in the same except the *feme* plaintiff, her husband and son. No one else, on either side, had any interest in the result. The instruction of the court, therefore, could apply only to them, and was a caution to the jury to consider their evidence with suspicion, or, at least, in a different way from the other witnesses testifying, because they were interested in the

result of the verdict and might be disposed to magnify the injuries of the *feme* plaintiff, as was contended by the defendant.

Upon all the authorities in this State, this charge, when nothing further is said by the court, is contrary to our statute, which forbids any intimation upon the weight of the evidence by the judge. There are decisions to the contrary in those States which have no statute like ours, and in which, as also in the Federal court, the judge is not forbidden to express an opinion upon the evidence.

Under the unbroken line of authorities in this State, it has always been error for the judge to caution the jury as to the interest of witnesses in the result of the verdict, unless he goes further, and explains to the jury that, notwithstanding the interest of the parties in the result of their verdict, their testimony as such witnesses may be believed, and, if believed, should be given the same weight as that of disinterested witnesses. It is plain that if this added instruction is not given, and the testimony of such witnesses goes to the jury with the criticism upon the interest they have, the judge has depreciated seriously the weight which should be given to their testimony.

In *S. v. Graham,* 133 N. C., 652, this Court, speaking through *Connor, J.,* said: "It is error to instruct the jury that because of interest they should carefully scrutinize the evidence of the defendant, *without adding, that if the jury believe the evidence, it should have the same weight as if the witness was not interested."*

In *S. v. McDowell,* 129 N. C., 532, the Court said: "If they find the witness to be credible and that he has sworn to the truth, his testimony should have the same weight as if he was not interested; *and it was error in the court when charging upon the subject of interest not to have so charged the jury."*

In *S. v. Holloway,* 117 N. C., 732, the court below instructed the jury: "They had a right to scrutinize closely the testimony of the defendants and receive it with grains of allowance, on account of their interest in the event of the action." This Court said thereon: *"This charge is capable of misleading the jury* into the impression, or belief, that the evidence of interested parties is to some extent discredited, although the jury

may think the witness is honest and has told the truth. His Honor *should have gone further,* and have explained to the jury, after having properly called their attention to the interested relation of the witness, that if they believed the witness to be credible, *then they should give to this testimony the same weight as to the evidence of other witnesses."* This rule has been approved *S. v. Boon,* 82 N. C., 648; *S. v. Byers,* 100 N. C., 517; *S. v. Collins,* 118 N. C., 1203; *S. v. Lee,* 121 N. C., 545; *S. v. Apple, ib.,* 585.

In *Speight v. R. R.,* 161 N. C., 80, the Court approved the following charge: "It is your duty to carefully consider the testimony of the plaintiff, and ascertain the best you can what influence the interest which she has in the suit would have upon the truthfulness of her testimony, and take into consideration all the testimony. If you find she told the truth, then you must give to her testimony the *same faith and effect* that you would to the *testimony of any disinterested witness."* To the same effect is the statement of the rule as laid down by *Walker, J.,* in the still more recent case of *S. v. Vann, post.*

The act of 1796, ch. 452, now Revisal, 535, prohibits a judge, in this State, to intimate, directly or indirectly, to the jury any opinion as to the credibility of a witness, whether they are interested or not. That is the province of the jury. Here the weight to be attached to the testimony of the *feme* plaintiff and her husband and son (who are the only witnesses who were interested in the result of the action) was a vital matter, and the court told the jury that such testimony was to be considered with allowance for their interest. He therefore disparaged it greatly in the eyes of the jury, and it was error under our authorities, and under a just construction of our statute, to fail to tell the jury that, notwithstanding such interest, they were at liberty to give to the testimony of these witnesses the same weight as if they were disinterested, if the jury believed what they said.

In *S. v. Ownby,* 146 N. C., 678, *Walker, J.,* says: "The slightest intimation from a judge as to the strength of the evidence or as to the credibility of a witness will always have great weight with the jury, and therefore we must be careful

HERNDON *v.* R. R.

to see that neither party is unduly prejudiced by any expression from the bench which is likely to prevent a fair and impartial trial."

The instruction here given very clearly discredited the parties as witnesses, because of their interest in the event of the action.

The judge told the jury that it was their duty to consider the fact that the parties named were interested. The jury certainly must have understood that greater weight would be given to the testimony of disinterested parties and that less weight would be given to the testimony of these witnesses because they were not disinterested. This was error. There are numerous opinions in other States to this effect. But the decisions under our statute have been so clear and uniform that nothing can be added to them from outside sources.

Further, the court erred, as claimed in the second exception, in telling the jury that they should "take into consideration the interest that they (the parties testifying) may have shown, or their bias, on the stand." This assumes that the witnesses have shown interest or bias, because the judge did not add that it was for the jury to determine if they had shown such interest or bias in testifying. The judge did not say, "If you find they have shown such bias."

The amount of the verdict shows very clearly that the jury did not give full weight to the testimony of these witnesses. If the judge had told them that they could give to the testimony of these witnesses the same faith and weight as if they were disinterested, and then the verdict had been as it is, the result would clearly be due to the fact that the jury did not believe these witnesses. But when the judge told them that the testimony of interested parties was discredited by the mere fact of interest, and did not add (as our statute and our decisions require) that such interest was merely a circumstance, and that the jury could, notwithstanding, give that testimony such weight as they thought proper, the plaintiff was deprived of the benefit of having the testimony placed impartially before the jury with entire freedom to give it full credit without any suspicion being cast upon it, as a matter of law, as was done by the charge in this case.

To call attention to any circumstance which will impair the weight of testimony is erroneous, unless the judge shall further explain that it is not a matter of law, but merely a circumstance for the jury to consider in giving such weight to such testimony as in their opinion and belief it is entitled, untrammeled by any rule laid down by the court.