IN RE WILL. OF W. R. SMITH.

(Filed 12 November, 1913.)

1. Appeal and Error—Evidence—Unanswered Questions—Documentary or Paper Evidence.

When exception is taken to the refusal of the judge to permit a witness to answer a question, it must in some way be made to appear from the form or nature of the question, or by a statement of counsel, what the reply will be, so it may be seen that prejudicial error has been committed, or the exception cannot be considered on appeal; and the same rule applies to the exclusion of record or documentary evidence, the contents of which do not appear.

2. Witnesses—Interest—Bias—Trials—Instructions—Weight of Evidence—Appeal and Error.

Where a witness is interested in the parties to or the result of an action, it is proper for the judge to instruct the jury to consider what bias this interest may have on his testimony, and should they find that his testimony was not thereby biased, to give it such weight as it should otherwise have; and his failure to instruct, further, that the unbiased testimony of the witness was entitled to the same weight as that of any other witness is not error, for the jury may consider that the testimony of other

witnesses, from their character, or means of knowledge, or better memory, etc., was more entitled to their credence; and it is further held, if such further instruction were proper, an appeal would only lie from the refusal of a special instruction embodying it.

APPEAL by caveator, W. A. Smith, from *Peebles, J.,* at June Term, 1913, of GUILFORD.

*King & Kimball for propounder.*
*J. A. Barringer for caveator.*

WALKER, J. The caveators in this proceeding alleged that the paper-writing, which had been propounded, was not the will of W. R. Smith, because at the time of its formal execution he did not have sufficient mental capacity to execute such an instrument. There was much evidence taken upon the issue joined between the parties, but it is not necessary to set out even the substance of it, as the exceptions principally relate to its competency.

The caveators asked many questions, to which the propounders objected, and they were excluded, but we cannot sustain the assignment of error in respect to them, as it does not appear what the witnesses would have testified or what was proposed to be proven. Before we can declare that there was an error committed in rejecting evidence, or, if there was error, whether it was prejudicial, we, of course, must know what is the nature of the evidence, in order to ascertain whether it is competent and relevant. Besides, the witness may answer in such a way as to render the error perfectly harmless: for instance, that he has no knowledge of the matter inquired about, or he may give an answer which is entirely unfavorable to the party who asked the question, and perhaps other answers might be given, which would show that the error was not a prejudicial one. Suppose we should order a new trial because the judge excluded the question, "Do you know whether he was suffering with a disease?" and when the question was again put to the witness, he should answer it in the negative, it would at once appear that we had done a vain thing. Counsel should state what they expect to prove by the witness, if the question is

objected to, unless the question itself gives sufficient indication of it, and even then there should be some probability shown that the witness will testify as expected. In *Dickerson v. Dail,* 159 N. C., 541, we said: "There is no statement as to the answer of the witness when the question was admitted, nor as to the evidence sought to be elicited when it was excluded; and as we cannot see that the defendant has been prejudiced, the exceptions cannot be sustained. *S. v. Leak,* 156 N. C., 643." Appellant must show error; we will not presume it, but he must make it appear plainly, as the presumption is against him. *Albertson v. Terry,* 108 N. C., 75; *Lumber Co. v. Buhmann,* 160 N. C., 385. There is another class of objections in this case, where the judge properly excluded the questions, as it appeared that the witnesses did not have the requisite knowledge of the facts to answer them. *Berbarry v. Tombacher,* 162 N. C., 497; *Aman v. Lumber Co.,* 160 N. C., 369. Other questions were ruled out because they were fully covered by previous answers of the witness, which was proper. *Baynes v. Harris,* 160 N. C., 307. There are still others where the time to which they relate is not given, so as to show their pertinency or bearing upon the issue. The Court must be able to see that the proposed evidence is both competent and relevant, and this is required by the rule just stated.

Caveators offered a certain record in a proceeding, said to have involved the sanity of the testator, but the same reason for its exclusion applies as in the case of the objections above noted. We are not informed as to its contents, so that we can see its relevancy and give an intelligent opinion as to the validity of the exception now made to the ruling. We may add these authorities to those already cited upon the general question that the party asking the question, which is excluded, must disclose to the court what he expects to prove by the witness. *Overman v. Coble,* 35 N. C., 1; *S. v. Pierce,* 91 N. C., 606; *Boney v. R. R.,* 155 N. C., 95; *Whitmire v. Heath,* 155 N. C., 304. The same rule prevails in other jurisdictions. *In re Pinney's Will,* 27 Minn., 280. We said in *Whitmire's case:* "A court cannot pass intelligently upon evidence unless it knows what it is, in order that its bearing upon the issue may be

determined. The defendant should have stated what he expected to prove, otherwise the question was properly excluded, not because it is incompetent, but because it cannot be seen that it is. The Court must judge of its competency and materiality—not the counsel. This is the well settled practice and the rule of reason." It also applies to papers and records offered in evidence, as will appear by reference to *S. v. Pierce, supra,* and *Fulwood v. Fulwood,* 161 N. C., 601. If the record had any relevancy to the issue, the date to which it related was too remote for any legal bearing upon the case. There must, of course, be some rational connection between the two and some reasonable proximity in point of time, so that the proof that is offered will have at least some tendency to establish the fact embodied in the issue. *Byrd v. Express Co.,* 139 N. C., 273. Such was not the case here. The record was made some time after the date of the will.

The only other assignment of error requiring attention is the one taken to the instruction that, in passing upon the testimony of interested witnesses, the jury may consider any bias they may have by reason of their relation to the parties or the cause, it being insisted that the court should have added, that if the jury found that they were not influenced by their "bias," and that they are credible, "their testimony should have the same credit as that of any other witness," following *S. v. Holloway,* 117 N. C., 732, and this view is earnestly pressed in the brief of counsel. The court was not specially requested to qualify its charge in the respect indicated. But we do not think it should have done so in this case, if the request had been made. If the jury had decided that the witnesses were not biased by their interest or relationship, they should not necessarily have received the credit due to other witnesses, and put upon an equality with them, as the credit to which they were entitled depended, not upon their bias or indifference alone, but upon other circumstances as well—as for example, their intelligence and their appearance and deportment while on the stand; their character, whether good or bad; their means of knowledge; the probability of their story—these and other matters entered into the estimate of the value to be attached to the

testimony of the witnesses, and the jury had the right to put them in the scales, in weighing the testimony, for the purpose of separating the true from the false and finally ascertaining where was the preponderance of the evidence. It may be proper for a judge to tell the jury "that if the witness is not biased by his interest, his testimony should have the same weight as if he was not interested," as said in some of the cases, for this is a truism, and a sensible jury would not overlook it. It is a proposition that proves itself, but it does not mean that the witness shall occupy a position of equality with another who has a better character, more sense and knowledge of the facts, a stronger memory, superior judgment, and whose other qualities and advantages inspire the jury with greater confidence in his credibility. Speaking of the rule of the common law, whereby parties to and persons interested in the event of an action were disqualified, this Court said in *Hill v. Sprinkle,* 76 N. C., 353: "For generations past and up to the last few years, interest in the event of the action, however small, excluded a party altogether as a witness, and that upon the ground, not that he may not sometimes speak the truth, but because it would not ordinarily be safe to rely on his testimony. This rule is still applauded by great judges as a rule founded in good sense and sound policy. The parties to the action are now competent witnesses, but the reasons which once excluded them still exist, to go only to their credibility." We think that this change in the law of evidence was a wise and salutary one, but it did not abolish the other rules of evidence, and the jury should not be handicapped by an imperative instruction that in the absence of bias of some who are interested, they should give credit to all the witnesses equally, as those who have had no interest may, in other respects and apart from any consideration of bias or impartiality, be more reliable. It is undoubtedly true that interest naturally produces bias, for we have been told that, "If *self* the wavering balance shake, it's rarely right adjusted"; but notwithstanding this tendency of our nature and our frailty, the witness may resist the temptation which thus besets him and prove himself to be worthy of credit. *Smith v. Moore,* 142 N. C., 277. If he is not in fact prejudiced by his relation to

the cause or the parties, the jury may then consider whether there are other circumstances which impair the strength of his testimony, such as want of intelligence, character, knowledge of the facts, and so forth. The subject has so recently undergone discussion in this Court that further comment is unnecessary. *Herndon v. R. R.*, 162 N. C., 317. See, also, *S. v. Vann*, 162 N. C., 534.

A careful examination of the entire case discloses no reversible error.

No error.