## CITIZENS HOTEL COMPANY v. E. D. LATTA, JR.

### (Filed 31 May, 1924.)

APPEAL by defendant from *Stack, J.,* at February Term, 1924, of MECKLENBURG.

Civil action, tried upon the following issues:

"1. Did the defendant execute the subscription contract introduced in evidence as plaintiff's Exhibit 1? A. Yes (by consent).

"2. Was the condition of the subscription contract that subscriptions for $750,000 shall be secured within six months from 1 April, 1920, complied with? A. Yes.

"3. Was the condition of the said subscription contract that a valid proposal for a contract to lease the proposed hotel shall be received from a responsible party within 12 months from 1 April, 1920, the rent to be not less than 6 per cent return on the investment and the lessee to pay all taxes, insurance and upkeep, complied with? A. Yes.

"4. In what amount, if any, is the defendant indebted to the plaintiff? A. $100 and interest from 10 January, 1922."

From a judgment on the verdict in favor of plaintiff the defendant appeals, assigning errors.

*Pharr, Bell & Sparrow and Thaddeus A. Adams for plaintiff.*
*Cansler & Cansler and Tillett & Guthrie for defendant.*

PER CURIAM. The case of *Hotel Co. v. Latta,* 186 N. C., 709, is, in many respects, similar to the one at bar. The only material difference being that the present defendant was not one of the original incorporators of the plaintiff company, nor was he one of the trustees named in the uniform stock-subscription contract; but he did sign one of these contracts, and, under the verdict rendered, we think he is bound by his subscription. It would only be a work of supererogation to restate the settled principles of law under which the instant case is clearly brought by the jury's verdict. We have given the record a very careful examination. Considering it in the light of presumption against error, the accepted position on all appeals (*In re Smith's Will,* 163 N. C., 464), we think the exceptions should be resolved in favor of the validity of the trial.

No benefit would be derived from a discussion, *seriatim,* of the several assignments of error, as they present no new or novel point of law not heretofore settled by our decisions.

From our investigation of the record we are constrained to believe that the verdict and judgment should be upheld. It is so ordered.

No error.

CLARKSON, J., did not sit.