## IN RE YOUNG.

### (Filed March 21, 1905).

*Contempt—Bribery of Witness—Purging of Contempt—Findings of Fact.*

1. Where a defendant in a criminal action tried to persuade a duly recognized State's witness to leave the State and not appear in court against him, and the trial Judge in a proceeding "as for contempt" against defendant found that the object and purpose of defendant "was to defeat, impair and prejudice rights and remedies of the State, and that his conduct had such tendency," it was held that under sections 654, subsec. 4, and 656 of The Code, a judgment of guilty "as for contempt" was authorized.

2. Where there is evidence to support the findings of fact by a trial Judge, in a proceeding as for contempt, they cannot be reviewed on appeal.

3. The respondent in a proceeding as for contempt can purge himself only where the intention is the gravamen of the offense.

4. Chapter 87, Laws 1891, making it a misdemeanor for any person to intimidate or attempt to intimidate any juror or witness, is additional to, and not a repeal of, the inherent power of the Court to protect itself from interference by bribery or intimidation of its jurors or witnesses in both civil and criminal cases.

This was a PROCEEDING as for contempt, heard before *Judge Fred. Moore,* at the October Term, 1904, of the Superior Court of NEW HANOVER County. From the judgment rendered, respondent appealed.

*Herbert McClammy,* for appellant.
*Attorney-General R. D. Gilmer,* in opposition.

CLARK, C. J. This was a proceeding "as for contempt." The Court found among others the following facts: "Paul W. Young was a defendant in a criminal action pending in the Superior Court and Grace George was a witness duly recognized for her appearance to testify against said Young in said criminal action. On 21 September, 1904, the respondent tried to persuade the witness to leave the State and not appear in court against him, offering to take her in his buggy to another railroad station and to give her ten dollars to pay her way on the railroad to Norfolk, also to put up a $100 diamond ring to indemnify her for the apprehended forfeit of her $50 bond for appearance at court as a witness." The Court further found that said Grace George refused to leave the State, and that the object and purpose of the respondent "was to defeat, impair and prejudice the rights and remedies of the State in said criminal action of *State v. Paul W. Young,*" and that his conduct had such tendency. The Court adjudged that the respondent was "guilty as for contempt of this Court in the particulars set forth in the findings of fact," and that he pay a fine of $50 and the costs of the proceeding.

This proceeding is expressly authorized by section 654, subsec. 3, of The Code, making punishable as for contempt all persons guilty of "unlawful interference with the proceedings in any action," and section 656, which embraces such acts as "tend to defeat, impair, impede or prejudice" rights

or remedies "in an action then pending." The law governing proceedings as for contempt has been so recently and so fully considered in *In re Gorham,* 129 N. C., 481 and 492, that the citation of additional authority is unnecessary.

There being evidence to support the findings of fact by the Judge below, they cannot be reviewed in this Court on appeal. There was abundant evidence to sustain his findings, and the punishment of the defendant was authorized by law. The respondent could not purge himself in a case of this kind. That is admissible only "where the intention is the gravamen of the offense." "The intention here is not to be considered, for it is the acts of the respondent which constitute the contempt." *Gorham's case, supra,* at p. 493.

Chapter 87, Laws 1891, making it a misdemeanor for any person "by threats, menaces or in any other manner to intimidate or attempt to intimidate" any person summoned or acting as a juror or witness from attending upon said court, would not embrace this case, which was not one of intimidation; and besides, such statute is additional to, and not a repeal of, the inherent right of the Court to protect itself from interference by bribery or intimidation of its jurors or witnesses. Nor is such power of the Court "as for contempt" restricted to interference by bribery or intimidation of jurors or witnesses in civil cases. There is nothing in the nature of things which should thus "shorten the arm of the law."

No Error.