STATE v. PERRY MOORE, JR.

(Filed 13 May, 1908).

1. **Power of Court—Contempt—Interfering With Attendance of Witness.**

It was an unlawful interfering with the process and proceedings of the Superior Court—Revisal, 944 (3)—and punishable as for contempt, for respondent to see and suggest to a material witness in an action for assault with the intent to commit rape upon her, that he was satisfied that the defendant therein would pay her five or ten dollars to settle and compromise the matter, and not attend court, when it appears that his intent was to prevent the attendance of the witness and that she failed to appear, except under a *capias ad testificandum.*

2. **Power of Court—Contempt—Imprisonment in Jail—Worked on Roads—Judgment Amended.**

A person sentenced to jail as for contempt of court cannot be worked on the roads, and a sentence for thirty days' imprisonment in the common jail, *to be worked on the public roads,* will accordingly be amended on appeal.

THIS is a proceeding as for contempt, heard by *Peebles, J.,* at February Term, 1908, of the Superior Court of RUTHER-FORD County.

His Honor found the facts and adjudged the respondent guilty, and sentenced him to be imprisoned in the common jail of Rutherford County for thirty days, to be worked on the public roads. From the judgment of the court the defendant appealed.

*Assistant Attorney-General* for the State.
*McBrayer, McBrayer & McRorie* for defendant.

BROWN, J. The facts as found by his Honor are:
"1. Till. Bright was bound over to said court upon the charge of committing an assault upon one Myra Gladden, with intent to commit rape. Myra Gladden had been recognized to appear as a witness against said Till. Bright upon said charge, and said Myra failed to appear as a witness and was brought to court under a *capias ad testificandum.*

"2. That said Perry Moore, Jr., in company with Perry Moore, Sr., a cousin, went to the house of said Myra Gladden and suggested to her to settle and compromise the matter and not attend court, and told her that, if she would do this, he was satisfied that Till. Bright would pay her five or ten dollars.

"3. I find that, in making this offer, said Perry Moore, Jr., intended to prevent said Myra Gladden from attending court as a witness against said Till. Bright, and thereby to unlawfully interfere with the trial of said Till. Bright, to the injury of the State.

"4. Myra Gladden was a necessary witness for the State."

This proceeding is identical with that of *In re Young,* 137 N. C., 553, and is fully authorized by the statute (subsection 3, section 944 of the Revisal), which provides that "The court shall have power to punish as for contempt any person unlawfully detaining any witness or party to any suit while going to, remaining at or returning from the court where the same may be set for trial, or for the unlawful interference with the proceedings in any action."

It is clear, from the finding of facts, that the respondent was unlawfully interfering with the process and proceedings of the Superior Court. He was so successful in his interference that the State's witness responded only through the persuasive force of a *capias ad testificandum.*

That portion of the sentence which authorizes the commissioners to work the respondent on the roads is erroneous and must be stricken out. A person sentenced to jail in a proceeding as for contempt cannot be worked on the roads. *State v. Morgan,* 141 N. C., 726.

The judgment as amended is

Affirmed.