WACHOVIA BANK AND TRUST COMPANY, as EXECUTOR OF GWYN EDWARDS, DECEASED, v. WILLIE LEE MILLER.

(Filed 13 December, 1922.)

1. **Appeal and Error—Appeal—Amendments—Execution—Supersedeas— Bond—Judgment—Payment.**

A judgment debtor may stay execution pending appeal by giving the bond required by our statute, or he may pay the debt and preserve his right to prosecute his appeal according to the course and practice of the court, with order for restitution should he succeed therein, unless such payment was made by way of compromise and agreement to settle the controversy, or, under peculiar circumstances, which amounted to a confession of the correctness of the judgment. C. S., 1534, and a withdrawal of the appeal.

**2. Same—Evidence—Trials—Questions for Jury—Reference.**

Where the appeal of the judgment debtor from a judgment of a justice of the peace is properly in the Superior Court, and it is made to appear in the latter court that the judgment had been paid since its rendition by the justice, and there is evidence in the defendant's behalf that he had paid it under duress on compulsion, and without any intention on his part to abandon the right of appeal that, instead, he had preserved, it was error for the Superior Court judge to regard this evidence as irrelevant and dismiss the appeal, said evidence, if denied, raising an issue of fact to be determined by the jury, or a finding by the court or referee, as the parties may agree, or the court may decide in proper instances. C. S., 1534.

**3. Appeal and Error — Appeal — Motions—Judgment—Abandonment— Evidence—Burden of Proof.**

Where, in the Superior Court, the plaintiff moves to dismiss the appeal of his debtor from a judgment rendered against him in the court of a justice of the peace on the ground that the appeal had been abandoned by the payment of the judgment, the burden is on him to show such acts or conduct as would amount to the abandonment he has alleged in his motion. C. S., 1534, the giving of a stay bond, or even the payment of the judgment, not, of itself, being sufficient to show an abandonment.

**4. Pleadings—Appeal and Error—Appeal—Motions—Permission to File Answer.**

*Held*, under the facts of this case the answer or affidavit of the defendant was in the nature of an answer to the plaintiff's motion, in the Superior Court, to dismiss the defendant's appeal from a judgment of a justice of the peace; and where the judge has erroneously dismissed the case on plaintiff's motion, on the ground that defendant's payment effected an abandonment by him of his right, plaintiff's contention, on appeal, that the court had not given its permission for the defendant to file the answer is without merit.

APPEAL by defendant from *Lane, J.,* at August Term, 1922, of BUNCOMBE.

This action was begun before a justice of the peace by the plaintiff's testator, Gwyn Edwards, and was originally entitled *Gwyn Edwards v. Willie Lee Miller.* Edwards died, and the bank above named, as his executor, became a party plaintiff. Edwards secured judgment on 21 June, 1920, against Miller for $85, with interest on that sum from 21 June, 1918, with costs. Miller duly appealed to the Superior Court, in which court his appeal was docketed 29 June, 1920. On 25 June, 1920, Edwards paid the judgment, under the circumstances stated in the uncontradicted affidavit filed by Miller.

On 23 May, 1921, the defendant filed what purports to be an answer, which is as follows:

"The defendant W. L. Miller answering, says:

"1. That the defendant, at the time the suit was brought against him by the plaintiff (meaning the action before the justice of the peace), did not owe the plaintiff, in respect of the subject-matter of said suit, more

than $12.50, which amount he offered to pay the plaintiff prior to the beginning of said suit, but the defendant refused to accept the same.

"2. That at the time of bringing the suit and the rendering of judgment therein, the plaintiff had a claim against the defendant based on certain notes, dated 20 September, 1916, secured by deed of trust of same date registered in Buncombe County, which was a lien on defendant's real estate, and which contained a power of sale, which the plaintiff Edwards was then about to enforce for the nonpayment of the debt secured by the said deed of trust. That the plaintiff Edwards used the said notes and deed of trust, and the power which they gave him over the defendant, unlawfully to extort from the defendant Miller the payment of the said sum of $100, $85 of which was in payment of the judgment aforesaid, rendered herein on 21 June, 1920, by Dermid, justice of the peace, and $15 to said plaintiff's attorney, which said $100 the defendant was wrongfully and by duress forced by the plaintiff to pay in order to procure from the plaintiff the notes and deed of trust, so that he might have the same canceled of record, and the $100, so wrongfully extorted from him as aforesaid, was by the defendant Miller paid to the plaintiff Edwards on 25 June, 1920. The judgment against the defendant in favor of the plaintiff was rendered by the justice on 21 June, 1920, and defendant appealed therefrom.

"Wherefore, this defendant prays that he have judgment against said Edwards for the restoration of the said $100, with interest thereon from 24 June, 1920; also for such damages as the jury may consider him entitled to, and for such other relief as he may be entitled to in that behalf."

(Duly certified.)

The answer was offered as an affidavit, upon plaintiff's motion to dismiss the appeal, but the presiding judge refused to hear or to consider it, or, at the request of the defendant's counsel, to find any facts stated therein, and then refused all relief to the defendant, giving as the sole reason for his refusal that the matters stated in the answer and affidavit were irrelevant, and for the same reason he dismissed the defendant's appeal from the justice of the peace. The court did not find that any of the statements of the uncontradicted affidavit or answer were untrue, but simply that they were immaterial. Defendant also requested the court to find such of the facts stated in the affidavit as he deemed to be relevant or material, and this the judge refused to do.

The court holding, in effect and as matter of law, that the judgment had been paid, and no appeal could be taken from it, thereupon dismissed the case.

The defendant duly and regularly excepted to the several rulings of the court, and appealed to this Court.

*Bourne, Parker & Jones for plaintiff.*
*F. W. Thomas for defendant.*

WALKER, J., after stating the material facts: The plaintiff's contention that there was no permission given by the court to file the answer is without merit. The court placed its decision upon no such ground, and, besides, it is too late now to come forward with such an objection. If permission was not in fact granted, it was eminently proper that it should have been. We base our decision upon the merits, discarding technical matters.

The case lies within a narrow compass. There was a judgment in the justice's court against the defendant, from which he duly and regularly appealed, and caused the appeal to be docketed in the Superior Court, in due form and within proper time. The defendant alleges that he was compelled to pay the judgment pending the appeal, because by reason of the acts of the plaintiff he was unable to give a bond to stay the execution, and that his property would have been taken and sold under process if he had not done so. That he therefore paid the judgment, not in final satisfaction of it, and without intending to further prosecute his appeal, or to defend the action, but simply because he was forced to do so. He also alleges that plaintiff had a deed of trust upon his property (which was subject, under the statute, to the lien of the judgment, which had been docketed), and threatened to foreclose it under the power of sale contained in it, if the judgment was not paid. That plaintiff "used the notes and deed of trust, and the power which they gave him over the defendant unlawfully to extort from defendant and $15 to plaintiff's attorney," and he further alleged, in substance, the $100, of which $85 was to be in payment of the judgment aforesaid, that he was reduced to such straits by plaintiff's unlawful conduct that he was, by duress, forced to decide between losing his property or paying the unjust judgment, which he was then contesting, and which it was his lawful purpose to resist to the last, and that the payment of the judgment was not voluntary, and was certainly not intended as an agreed and final satisfaction of the judgment. Defendant, on the contrary, alleges that the payment of the judgment was not only involuntary, but was induced by the threat and coercion of the plaintiff, if not by legal duress, and, at all events, it was not intended as a withdrawal of all further resistance or opposition to the judgment, and as a surrender of his rights under the appeal, or any of them, and that it should not be construed to be any impairment of said rights. There are other serious allegations in the defendant's answer, which he also used as an affidavit, but they need not be more specially stated or considered. It must be noted that the court refused to consider the answer, used as an affidavit, as irrele-

vant, and therefore we must assume its allegations and averments to be true, and, if thus considered, the court should not have dismissed the appeal, but instead should at least have inquired as to the nature of the payment of the money in the judgment, whether intended as a free and full satisfaction of it or merely for the purpose of preventing the issue of an execution upon it and a sale of property of the plaintiff, so that he might continue to prosecute his appeal and to further contest the matter with the defendant.

We were cited to *Cowell v. Gregory,* 130 N. C., 80, in support of the ruling of the court in this case, but we find that case, upon a proper consideration of its facts, to be directly against the plaintiff. These were the facts in that case: "The justice of the peace heard the cause and rendered judgment upon all the issues for plaintiff in the sum of $32.63; that at the time, and within an hour after judgment rendered and announced, and in presence of the justice, one Cartwright said to defendant, 'Why don't you appeal,' and defendant announced to the justice that he did not wish to appeal, 'that he wished to pay the debt and *get rid of it,*' and asked for the bill of costs; no execution was issued, and no request or demand made on the plaintiff to pay the judgment; that then and there the defendant paid the judgment and costs into the hands of the constable for the plaintiff, and the justice satisfied and discharged the judgment at the request of the defendant." It will readily be seen that the facts there were radically different from those in this record. The debt was paid by the defendant (in that case) "to get rid of it," and he also paid the costs.

In 2 Cyc. Law & Pro., 647, it is said: "Voluntary payment or performance of a judgment is generally held to be no bar to appeal, or writ of error for its reversal, unless such payment was made by way of compromise and agreement to settle the controversy, or unless the payment or performance of the judgment was under peculiar circumstances which amounted to a confession of its correctness." And it is stated in 2 Enc. of Pl. & Prac., 181, that "Payment of a collectible judgment rendered by a court of competent jurisdiction is involuntary, and does not bar the appeal of the unsuccessful party below." And this is true, nothing else appearing. *Justice Merrimon* said in *Lytle v. Lytle,* 94 N. C., at p. 525: "It is well settled that where a party is put out of possession of land, in pursuance of a judgment or order improvidently granted, or is required to pay money, and the judgment is afterwards declared void or is set aside, the Court will promptly, as far as practicable, restore the party complaining to the possession of the land, and give him remedy for the money so paid. The law forbids injustice, and it will not allow its process to work injury to a party against whom it goes by improvidence, mistake, or abuse. It will always restore such

party promptly, and place him as nearly as may be in the same plight and condition as he was before the process issued.    This is due alike to the integrity of the law and to the party asking relief," citing cases. This implies that the defendant may either file a stay bond and prevent the issuing of an execution, or pay the debt, and if successful in his appeal, may have an order for the restoration of money, if paid, or of property, if taken or turned over to the plaintiff.    C. S., 1534, provides: "If the judgment appealed from, or any part thereof, be paid or collected, and the judgment be afterwards reversed, the appellate court shall order the amount paid or collected to be restored, with interest from the time of such payment or collection.    The order may be obtained on proof of the facts made at or after the hearing of the appeal, on a previous notice of six days.    If the order be obtained before the judgment of reversal is entered, the amount may be included in the judgment."

It thus appears that if the appellant desires a stay of execution he must give a bond, or if he does not, he must pay the debt, in which latter case, if he prevails, it will be restored to him by order of the court.

Accepting the statement of the defendant's answer, or affidavit, to be true, it would appear that defendant did not intend, by paying the debt, to "throw up his hands" and abandon the appeal, but merely to ward off an execution and sale of his property until the case could be heard and finally disposed of by the court, or there is evidence of this being the fact.

The question raised by the defendant's answer or affidavit may be submitted to a jury, if the plaintiff takes issue with the defendant upon it, or the question thus raised may be otherwise determined by a finding of the court or a referee as the parties may agree or the court may decide.

As the plaintiff alleges that the defendant had abandoned his appeal by the payment of the amount of the judgment, the burden necessarily is on him to show it.    The mere payment of the money is not of itself sufficient under the facts and circumstances of this case, so far, at least, as developed, to show the abandonment.

The defendant's answer or affidavit was in no sense a counterclaim, as contended, but was more in the nature of an answer to the motion of the plaintiff to dismiss the appeal.

There was error in the ruling of the court, which is reversed, and the case will further proceed in the Superior Court in accordance with law and the course and practice of the court.