### STATE v. LOUELLA MARTIN CLARK AND AGNES M. LEE.

(Filed 28 January, 1935.)

**Contempt A b—Refusal to effectuate agreement to sign consent judgment may not be made basis for contempt proceedings where it does not appear that parties ever agreed to exact terms of such judgment.**

In this proceeding for contempt it appeared that respondents, as defendants in partition proceedings, had agreed to enter a consent judgment in that proceeding, and that the matter was continued from time to time upon representations made in open court that a consent judgment would be submitted to the court, that several tentative drafts of the proposed judgment had been made but none actually signed by the parties, that the petitioner in that proceeding had died, rendering it more troublesome to establish the allegations of the petition, and that respondents now decline to sign the proposed consent judgment, contending that at no time had they consented to its terms: *Held,* the record does not support a judgment for contempt, C. S., 985, it appearing that the exact terms of the proposed consent judgment had never been agreed upon by the parties or their counsel.

APPEAL by respondents from *Alley, J.,* at March Term, 1934, of FORSYTH.

Proceeding as for contempt.

The facts are these:

1. In 1930, Wm. T. Butler filed in the Superior Court of Forsyth County petition for partition of certain land, alleging that he and the defendants therein were equal owners of said land as tenants in common.

2. The matter was continued from time to time, over a period of eighteen months or two years, upon representations made in open court that a compromise consent judgment had been agreed upon and would be presented for the court's approval.

3. Several tentative drafts of the proposed judgment were prepared, but none actually signed by the parties or their counsel, and none approved by the court.

4. In the meantime the petitioner died, rendering it more troublesome and difficult to establish the allegations of the petition.

5. The respondents, who were defendants in the partition proceeding, now decline to consent to the proposed compromise judgment, contending that at no time had they agreed to its terms.

Upon these, the facts chiefly pertinent, the court found that the acts of the respondents "as set forth above did tend to defeat, impair, impede, or prejudice the rights or remedies of the plaintiff and the other defendants in this cause"; whereupon they were adjudged in contempt and fined "$25.00 each, and the costs of the court for this term."

Respondents appeal, assigning errors.

*Attorney-General Brummitt and Assistant Attorney-General Seawell for the State.*

*Ingle & Rucker for respondents.*

STACY, C. J. The judgment as for contempt is not supported by the record. C. S., 985. The exact details of the proposed consent judgment in the partition proceeding were never agreed upon, either by the parties or their counsel. Nor was the judgment ever presented to the court for approval. It is not an unusual experience for proposed agreements to fail when it comes to putting them in writing. Misunderstandings arise over details and forms of expression. From parol to writing is not always an easy step to take in the negotiation of agreements. It sometimes proves unsuccessful. The record discloses just such a stumble in the instant case, and apparently no more.

Error.