## MARY BEAN LUTHER v. ERVIN CHARLIE LUTHER.

(Filed 7 November, 1951.)

**1. Contempt of Court § 2a—**

A proceeding for contempt under G.S. 5-1 and a proceeding as for contempt under G.S. 5-8 are distinct, the first relating to acts or omissions having a direct tendency to interrupt the proceedings of the court or to impair the respect due its authority, and the latter to acts or neglects tending to defeat, impair, impede, or prejudice the rights or remedies of a party to an action pending in the court, the distinction being important because of difference in procedure, punishment and the right of review.

**2. Same: Contempt of Court § 7—**

Punishment for refusing to sign a consent judgment upon the court's finding that the consent judgment incorporated the agreement of the parties to settle the matters in litigation and that the refusal to sign same constituted misconduct by which the rights or remedies of the other party were defeated, impaired, delayed or prejudiced, is a punishment as for contempt under G.S. 5-8, and is appealable, G.S. 5-2 having no application.

**3. Waiver § 2—**

A waiver is the voluntary and intentional relinquishment of a known right.

**4. Contempt of Court § 7—**

The payment of a fine imposed in proceedings as for contempt to prevent having to go to jail is not a waiver of the right to appeal from the order.

**5. Contempt of Court § 2d—**

Where the parties to litigation agree to a settlement, but one of them refuses to sign the consent judgment embodying the terms of the agreement, such party may not be held as for contempt under G.S. 5-8, since such party is not a person selected or appointed to perform a ministerial or judicial service.

**6. Judgment § 1—**

A consent judgment is merely a contract between parties to litigation entered on the records of the court with its approval.

**7. Contempt of Court § 2d—**

In a suit for alimony without divorce the parties agreed to settlement. Thereafter plaintiff wife refused to sign the consent judgment incorporating the agreement, which included relinquishment of her dower. *Held:* She may not be held as for contempt in refusing to sign the judgment, since parol promises to surrender dower are unenforceable, G.S. 22-2, and since contracts between husband and wife made during coverture must be reduced to writing and adjudged not to be injurious to the wife, G.S. 52-12, G.S. 52-13, and therefore she cannot be held guilty of misconduct in refusing to execute a contract outlawed by the Legislature.

**8. Same—**

Contempt proceedings will not be entertained at the instance of a person attempting to coerce his adversary into making a contract.

**9. Same—**

A breach of contract, even though it be a refusal to sign a consent judgment embodying settlement of matters in litigation, cannot be held punishable as for contempt under G.S. 5-8.

APPEAL by plaintiff from *Bennett, Special Judge,* at the July Term, 1951, of the Superior Court of RANDOLPH County.

Proceeding as for contempt.

The facts are these:

1. The defendant, Ervin Charlie Luther, and the plaintiff, Mary Bean Luther, are husband and wife. Unhappy differences arose between them, and the defendant was bound over to the superior court of Randolph County on the charge of assaulting and seriously injuring the plaintiff with a deadly weapon with intent to kill.

2. The plaintiff forthwith sued the defendant in the superior court of Randolph County for alimony without divorce upon a complaint stating several matrimonial offenses, and the defendant answered, denying such offenses and pleading affirmative defenses.

3. The plaintiff made application to the presiding judge at the July Term, 1951, of the superior court of Randolph County for alimony pending the action. After hearing the affidavits and testimony relating to the application, the judge announced orally that "he found the facts to be as alleged by the plaintiff," and that he would sign an order during the term allowing her temporary subsistence from the estate or earnings of the defendant.

4. The plaintiff and the defendant thereupon parleyed for sometime. Counsel for plaintiff thereafter "stated in open court . . . that plaintiff had agreed to accept certain property and money in full settlement of all claims against the defendant . . . and that a consent judgment embracing said agreement was to be signed by the parties."

5. Subsequently the defendant tendered to plaintiff for signing a proposed consent judgment aptly phrased to transfer the defendant's shares in an electric stove, a refrigerator, and a washing machine to plaintiff; to bind the defendant to convey "his interest in . . . the homeplace in Randolph County, and his interest in 34 acres of land in Montgomery County" to plaintiff; to obligate the defendant to make specified payments totaling $194.00, including $94.00 for hospital and medical expenses incurred in the treatment of plaintiff for personal injuries allegedly inflicted on her by him; to release the "respective curtesy and dower interests" of the defendant and plaintiff "in and to any property owned now or in the future by the other"; and to release the defendant from liability to plaintiff "for alimony, support, maintenance, or for any other purpose whatsoever."

6. The plaintiff refused "in open court . . . . to sign a consent to (the proposed) judgment" tendered by defendant, and assigned as the reason for her refusal that the proposed judgment did not conform to the oral compromise agreement made by the parties.

7. The judge found as a fact "that said judgment substantially incorporates the agreement" between the parties; and concluded as matters of law "that said refusal . . . of the plaintiff constitutes a violation of duty and misconduct by which the rights or remedies of the defendant in the . . . cause now pending . . . may be defeated, impaired, delayed and prejudiced" and that by reason thereof "the plaintiff is in direct contempt of court." The judge thereupon entered an order fining plaintiff $50.00 for such "contempt of court."

8. The plaintiff excepted to the order and appealed from it to the Supreme Court, giving notice of her appeal in open court and assigning the order as error. As she noted her appeal, she paid the fine under protest to avoid commitment to jail for its nonpayment.

*Ottway Burton for plaintiff, appellant.*
*Smith & Walker for defendant, appellee.*

ERVIN, J. This question arises at the outset: Does G.S. 5-2 preclude the plaintiff from prosecuting this appeal from the judgment imposing the penalty upon her?

A person guilty of any of the acts or omissions enumerated in the eight subsections of G.S. 5-1 may be punished for contempt because such acts or omissions have a direct tendency to interrupt the proceedings of the court or to impair the respect due to its authority. A person guilty of any of the acts or neglects catalogued in the seven subdivisions of G.S. 5-8 is punishable as for contempt because such acts or neglects tend to

defeat, impair, impede, or prejudice the rights or remedies of a party to an action pending in court.

It is essential to the due administration of justice in this field of the law that the fundamental distinction between a proceeding for contempt under G.S. 5-1 and a proceeding as for contempt under G.S. 5-8 be recognized and enforced. The importance of the distinction lies in differences in the procedure, the punishment, and the right of review established by law for the two proceedings.

We are concerned on this appeal with only one of these differences, *i. e.,* the right of review.

The right of review in proceedings for contempt is regulated by G.S. 5-2, which denies to persons adjudged guilty of contempt in the superior court the right of appeal to the Supreme Court in all cases arising under subsections one, two, three, and six of G.S. 5-1, and also in those cases arising under subsections four and five of G.S. 5-1 where the "contempt is committed in the presence of the court." *S. v. Little,* 175 N.C. 743, 94 S.E. 680.

G.S. 5-2 has no application, however, to proceedings as for contempt under G.S. 5-8. *Cromartie v. Commissioners,* 85 N.C. 211. As a consequence, no legal impediment bars a person, who is penalized as for contempt, from obtaining a review of the judgment entered against him in the superior court by a direct appeal to the Supreme Court. Our decisions show that such right of appeal has been exercised in proceedings as for contempt without question for upwards of a hundred years. *Patterson v. Patterson,* 230 N.C. 481, 53 S.E. 2d 658; *Lamm v. Lamm,* 229 N.C. 248, 49 S.E. 2d 403; *Elder v. Barnes,* 219 N.C. 411, 14 S.E. 2d 249; *Smithwick v. Smithwick,* 218 N.C. 503, 11 S.E. 2d 455; *Dyer v. Dyer,* 213 N.C. 634, 197 S.E. 157; *S. v. Moore,* 146 N.C. 653, 61 S.E. 463; *In re Young,* 137 N.C. 552, 50 S.E. 220; *Green v. Green,* 130 N.C. 578, 41 S.E. 784; *In re Gorham,* 129 N.C. 481, 40 S.E. 311; *Delozier v. Bird,* 123 N.C. 689, 31 S.E. 834; *Cromartie v. Commissioners, supra; LaFontaine v. Southern Underwriters,* 83 N.C. 133; *Wood v. Wood,* 61 N.C. 538. The right was successfully invoked by the appellants in the comparatively recent proceeding entitled *S. v. Clark,* 207 N.C. 657, 178 S.E. 119, which is virtually on "all fours" with the case at bar.

Despite the legal conclusion recited in the order under scrutiny "that the plaintiff is in direct contempt of court," it is indisputable that this is a proceeding as for contempt, and not a proceeding for contempt. The order itself confesses as much, for it imposes the penalty on the plaintiff on the theory that her act offends this provision of subsection one of G.S. 5-8: "Every court of record has power to punish as for contempt . . . any . . . person in any manner selected or appointed to perform any ministerial or judicial service, for any neglect or violation of duty or

any misconduct by which the rights or remedies of any party in a cause or matter pending in such court may be defeated, impaired, delayed or prejudiced." Besides, the plaintiff's act does not bear any legal resemblance to any of the contempts enumerated in any of the subdivisions of G.S. 5-1.

Since this is a proceeding as for contempt, the plaintiff has the legal right to prosecute her appeal, unless she has waived it by paying the fine.

A waiver is the voluntary and intentional relinquishment of a known right. *Aldridge v. Insurance Co.,* 194 N.C. 683, 140 S.E. 706. A party to a proceeding as for contempt undoubtedly waives his right to have the judgment in the proceeding reviewed on appeal by voluntarily paying the fine imposed upon him by the judgment. But such is not this case. The record reveals that the plaintiff paid the fine under protest at the precise moment she noted her appeal from the order imposing it, and that she took this course to avoid being committed to jail until the fine was paid. Inasmuch as the payment was the product of coercion, we hold that the plaintiff did not waive her right of appeal by making it. If the law afforded the plaintiff no way out of her dilemma except that of forfeiting her right of appeal on the one hand or going to jail on the other, she might well exclaim with the poet: "Which way I fly is hell!" Our conclusion on this aspect of the case finds support in well considered opinions. *Bank v. Miller,* 184 N.C. 593, 115 S.E. 161, *State v. Winthrop,* 148 Wash. 526, 269, P. 793, 59 A.L.R. 1265.

This brings us to this final question: Do the facts found in the order show plaintiff to be guilty of an act or neglect made punishable as for contempt by G.S. 5-8?

This query must be answered in the negative. The plaintiff is not a person "selected or appointed to perform . . . ministerial or judicial service," and consequently the statutory provision invoked by the order, *i. e.,* subsection one of G.S. 5-8, does not apply to her. When all is said, the plaintiff acted wholly within her legal rights in refusing to give her consent to the judgment tendered by defendant.

The case made out against plaintiff by the findings is simply this: The plaintiff and the defendant made an oral contract to settle their lawsuit on agreed terms to be incorporated in a subsequent consent judgment; and the plaintiff breached the oral contract by withholding her consent when the proposed judgment embodying the agreed terms was drafted and presented to her for signing.

It is to be remembered that a consent judgment is merely a contract between parties to litigation entered on the records of the court with its approval. *Pack v. Newman,* 232 N.C. 397, 61 S.E. 2d 90.

The oral contract undertook to bind plaintiff to release her dower interest in the lands of the defendant, and runs afoul of the statute of

frauds, which renders parol promises to surrender dower unenforceable. G.S. 22-2; *Houston v. Smith,* 88 N.C. 312. In addition, the agreement is invalidated by the statutory requirements that certain contracts between husband and wife made during coverture must be reduced to writing and adjudged not to be unreasonable or injurious to the wife. G.S. 52-12, 52-13. The plaintiff cannot be held guilty of legal misconduct because she refuses to perform an oral contract outlawed by the legislature.

The defendant set the proceeding as for contempt in motion to compel the plaintiff to substitute a binding agreement for an invalid one, and the order penalizing the plaintiff runs counter to the sound rule that the court will not entertain contempt proceedings where the mover's purpose is to coerce his adversary into making a contract. *S. v. Clark, supra; Howard v. Durand,* 36 Ga. 346, 91 Am. D. 767. The order would not enjoy legal vitality, however, even if the agreement were binding on plaintiff. A breach of contract is not punishable as for contempt under G.S. 5-8. *Stanley v. Stanley,* 226 N.C. 129, 37 S.E. 2d 118; *Brown v. Brown,* 224 N.C. 556, 31 S.E. 2d 529; *Davis v. Davis,* 213 N.C. 537, 196 S.E. 819.

Randolph County will doubtlessly refund the fine to plaintiff on request. The order imposing it is hereby

Reversed.