CALVIN T. COUCH AND WIFE, BESSIE N. COUCH; CHARLIE H. COUCH AND WIFE, EDNA W. COUCH; HAROLD C. COUCH AND WIFE, LOUISE COUCH; AND LULA COUCH (WIDOW) v. JAMES R. COUCH AND WIFE, ARLENA R. COUCH; AND THOMASINE COUCH JOHNSON

No. 7315SC155

(Filed 25 April 1973)

1. Partition § 7— actual partition — conclusiveness of trial court's findings

    In an action by tenants in common seeking an actual partition of their property, there was sufficient competent evidence to support

findings of the trial court, and the clerk's order confirming the report of the commissioners who divided the land was properly affirmed.

2. **Witnesses § 10— expert witnesses — no subpoena — award of witness fee error**

The trial court erred in awarding expert witness fees and taxing the losing party with the amount of the fees as a part of the costs where the expert witnesses did not testify in obedience to a subpoena.

APPEAL by respondents from *Cooper, Judge,* 18 September 1972 Session, Superior Court, ORANGE County.

This proceeding was instituted under the provisions of Chapter 46 of the General Statutes. The parties are tenants in common of the property described in the petition, and petitioners seek an actual partition of the property. Respondents in their answer averred that there was valuable timber on the lands and that in order to simplify the actual partition of the lands, the timber should be sold first. The clerk entered an order appointing a surveyor and retained jurisdiction to appoint commissioners to sell the timber and partition the land. Subsequently an order was entered appointing a commissioner to sell the timber. This was done, the sale confirmed, and a report filed. The timber sale is not in dispute.

The clerk appointed commissioners to divide the land. They filed their report, and respondents filed exceptions. The clerk entered an order confirming the report, and respondents appealed. The matter came on for hearing in the Superior Court and was heard by the court without a jury. Both petitioners and respondents presented evidence. The court found facts and affirmed the order confirming the commissioners' report. Respondents appealed.

*Edwards and Manson, by W. Y. Manson, and Arthur Vann for petitioner appellees.*

*Dalton Hartwell Loftin for respondent appellants.*

MORRIS, Judge.

[1]   Although appellants in their brief raise nine questions, they properly conceded in oral argument that if the findings of the court are supported by evidence the judgment must be affirmed.

"Where an actual partition of lands has been ordered, whether the division made by the commissioners was fair and equitable or unequal in value is a question of fact to be determined by the Judge of the Superior Court upon an appeal from a judgment of the clerk affirming the report of the commissioners. *Byrd v. Thompson,* 243 N.C. 271, 90 S.E. 2d 394. The findings of the judge are conclusive and binding if there is any evidence in the record to support them. *McMillan v. McMillan,* 123 N.C. 577, 31 S.E. 729." *West v. West,* 257 N.C. 760, 762, 127 S.E. 2d 531 (1962).

It is true that the evidence before Judge Cooper was in sharp conflict. Nevertheless, there was sufficient competent evidence to sustain his findings.

[2]    Appellants also contend that the court erred in entering an order allowing expert witness fee to the witness testifying for petitioners. We note that the court also allowed an expert witness fee to the witness who testified for respondents. Both fees were in the same amount and taxed as part of the costs. The record does not disclose whether the witnesses were under subpoena. However, counsel for all parties agree by brief that neither witness was under subpoena. Since neither expert witness testified in obedience to a subpoena, the court was without authority to allow either of them an expert fee or to tax the losing party with the amount of the fee as a part of the costs. *State v. Johnson,* 282 N.C. 1, 191 S.E. 2d 641 (1972). See also G.S. 7A-314 and G.S. 6-53. The order awarding expert witness fees must, therefore, be vacated.

The judgment affirming the order of the clerk confirming the commissioners' report is affirmed.

The order awarding expert witness fees is vacated.

Judges BROCK and PARKER concur.