REDEVELOPMENT COMMISSION OF WINSTON-SALEM v. CLARA BELLE LEGRAND WEATHERMAN AND HUSBAND, ROMULOUS T. WEATHERMAN

No. 7421SC441

(Filed 2 October 1974)

1. Eminent Domain § 6— sales price of nearby tract — exclusion

In a proceeding to condemn land for urban renewal, the trial court did not err in the exclusion of petitioner's evidence of the sales price of a nearby tract which was only 1/5 the size of the condemned land and which contained two buildings while the condemned land contained three buildings.

2. Trial § 13— condemnation proceeding — denial of jury view

The trial court did not err in the denial of petitioner's motion for a jury view of property condemned for urban renewal. G.S. 1-181.1.

3. Trial § 37— instructions on interested witnesses

In a condemnation proceeding, the trial court did not err in instructing the jury to scan the testimony of interested witnesses with care and caution without further instructing the jury which witnesses were interested and without telling the jury that the court was referring to the witnesses for both sides.

4. Costs § 4— expert witness fees — necessity that witnesses be subpoenaed

The trial court in a condemnation proceeding erred in taxing the costs of respondents' expert witnesses to petitioner since the witnesses were not under subpoena. G.S. 7A-314.

5. Appeal and Error § 2; Waiver § 3— expert witness fees — waiver of right to appeal issue — payment of fees — failure to extend time for docketing appeal

Petitioner in a condemnation proceeding did not waive the right to appeal the issue of the taxing of the costs of respondents' expert witnesses to petitioner by the payment of such fees into court and the failure to obtain an extension of time to docket the record on appeal, thus necessitating a petition for certiorari to obtain appellate review of the case.

6. Attorney and Client § 7; Costs § 4— condemnation proceeding— attorney fees — use of contingent fee

In a condemnation proceeding instituted by a redevelopment commission, the trial court erred in determining counsel fees to be awarded

to respondents by taking one-third of the difference between what the redevelopment commission had offered respondents and the amount of the jury verdict. G.S. 160-456(10)(h)(3).

ON writ of certiorari to review a trial before *Wood, Judge,* 8 October 1973 Civil Session, FORSYTH County Superior Court. Argued in the Court of Appeals on 26 August 1974.

The Winston-Salem Redevelopment Commission petitioned to condemn the respondents Weatherman's land for urban renewal. Commissioners of Appraisal were appointed to determine the amount of just compensation owed to the respondents. From an appraisal of $15,500.00, the respondents appealed to Superior Court for a jury trial on the issue of just compensation. The court entered judgment on the verdict for the payment of an award of $25,400.00 and ordered the petitioner to pay expert witness fees and counsel fees.

*Hatfield and Allman, by James W. Armentrout, for petitioner appellant.*

*White and Crumpler, by Michael J. Lewis and James G. White, for respondents appellees.*

MARTIN, Judge.

The Redevelopment Commission of Winston-Salem (hereinafter referred to as "petitioner") brings forward five assignments of error.

[1]  First, petitioner assigns as error the trial court's exclusion of evidence which would have shown the sale price of nearby land that was approximately 1/5 the size of the condemned land. Petitioner correctly points out the law in North Carolina regarding the admissibility of the sale price of allegedly comparable property. In *State v. Johnson,* 282 N.C. 1, 191 S.E. 2d 641 (1972) at page 21, the Court says: "Whether two properties are sufficiently similar to admit evidence of the purchase price of one as a guide to the value of the other is a question to be determined by the trial judge in the exercise of a sound discretion guided by law." The question for us is whether the trial court abused its discretion in excluding petitioner's evidence. Petitioner points us to 5 Nichols on Eminent Domain, § 21.31 [3] (1969), quoted with approval in *State v. Johnson, supra,* at page 21:

" 'It is not necessarily objectionable that the lot of land, the price of which it is sought to put in evidence, is of different size and shape from the lot taken; nevertheless, the court may properly exclude evidence of the price paid for similar land in close proximity to the land taken if the lot sold is much smaller than the land in controversy. A large piece of land cannot usually be applied profitably to the same uses as a small piece . . . . ' "

The court in *Johnson, supra,* and apparently the writers in *Nichols* are referring to a case in which the condemnee is offering the sale price of a much smaller piece of land as evidence of the value of a larger piece of land which has been condemned. The reasoning behind excluding such evidence is that the smaller piece of land would overstate the comparable value of the larger tract of condemned land. The petitioner would have us believe that the smaller piece of land would, if anything, overstate the value of the condemned land. Clearly, a smaller piece of land does not always overstate the value of a nearby larger tract of land. There are other differences between the two pieces of land here which lead us to conclude that the trial court did not err in its exclusion of petitioner's evidence. The tract of land which petitioner maintains is comparable is only 1/5 the size of the condemned land and has two buildings on it while the condemned land has three buildings. While the trial court only referred to size in excluding petitioner's evidence, this appears to be only a chance remark. There was sufficient dissimilarity to justify the ruling of the trial court.

[2]   For its second assignment of error, the petitioner contends the trial court erred in refusing its motion for a jury view. G.S. 1-181.1 provides:

"The judge presiding at the trial of any action or proceeding involving the exercise of the right of eminent domain or the condemnation of real property may, in his discretion, permit the jury to view the property which is the subject of condemnation."

The petitioner has failed to show any abuse of discretion by the trial court.

[3]   Petitioner phrased its third assignment of error as follows:

"Did the court err in its charge to the jury concerning the testimony of interested witnesses when it cautioned the

Redevelopment Comm. v. Weatherman

jury concerning the interested witnesses and how they should scan the testimony of such witnesses with care and caution, while failing to tell the jury which witnesses, if any, were interested, and thereby leaving the jury to its own speculation as to which witnesses were the interested ones?"

The trial court instructed the jury in part:

"When you come to consider the testimony of an interested witness, I instruct you that you should scan such testimony with care and caution."

In its instructions to the jury, the trial court recounted evidence of *per diem* rates paid petitioner's expert witnesses and the amount of work they had done for condemnors. Since there was no such evidence relating to respondents' expert witnesses, the petitioner concluded that the jury must have taken the court's instructions as referring to his expert witnesses. Furthermore, petitioner argued that the court should have told the jury it was referring to all of the witnesses. We find no merit to this argument. The petitioner should have cross-examined respondents' witnesses on their bias if he wanted to impress this upon the jury. *In Herndon v. Southern R. R. Co.*, 162 N.C. 317, 78 S.E. 287 (1913), at page 318, the court sustained a general instruction on the bias of witnesses by saying:

"This is but an admonition to the jury, and not pointed to any particular witness or party. It applies with equal force to the defendant as to plaintiff, and to all witnesses alike . . . . In no sense can the charge quoted be considered as an expression of opinion upon the facts upon the part of the judge, and it is hard to see how it could be prejudicial to one party more than to the other."

Petitioner's third assignment of error is overruled.

[4]   Next, petitioner argues it was error for the trial court to tax the costs of respondents' expert witnesses to petitioner since they were not under subpoena. The court's power to tax costs is dependent upon statutory authorization, and G.S. 7A-314 provides that a subpoena is a condition precedent to the taxing of expert witness fees. *State v. Johnson*, 282 N.C. 1, 191 S.E. 2d 641 (1972) ; *Couch v. Couch,* 18 N.C. App. 108, 196 S.E. 2d 64 (1973).

[5] Respondents say they are aware of the *Johnson* case, *supra,* and do not argue that their witnesses were subpoenaed. Instead, respondents show that the witness fees were paid out by the court to the appropriate individuals on 2 November 1973. The court ordered payment of the witness fees on 11 October 1973, after the jury returned a verdict favorable to respondents. On 25 October 1973, judgment was entered and petitioner gave notice of appeal. Petitioner obtained proper extensions of time to serve his case on appeal, but he inadvertently failed to obtain an extension of time to docket his case on appeal and had to petition for a writ of certiorari. Respondents argue that the payment of the fees coupled with petitioner's failure to appeal amounts to a waiver or abandonment of petitioner's right to appeal this issue.

Two cases are relevant on this point. North Carolina follows the rule that the waiver of the right to appeal, like most waivers, must be voluntary and intentional. *Luther v. Luther,* 234 N.C. 429, 67 S.E. 2d 345 (1951) ; *Bank v. Miller,* 184 N.C. 593, 115 S.E. 161 (1922). In *Miller, supra,* at page 597, the court quoted 2 Cyc. Law & Pro., 647, with approval:

> " 'Voluntary payment or performance of a judgment is generally held to be no bar to appeal, or writ of error for its reversal, unless such payment was made by way of compromise and agreement to settle the controversy, or unless the payment or performance of the judgment was under peculiar circumstances which amounted to a confession of its correctness.' "

In the case at bar, the petitioner had never, by his actions, confessed the correctness of the order allowing the witness fees. Instead, he was appealing directly to this Court, and the respondents were aware of this. The petition for writ of certiorari was not so unreasonably delayed as to indicate an intentional abandonment of his appeal. In fact, it was filed soon after the original ninety day period for docketing in this Court had expired. Also, it seems advisable for condemnors to pay the amount of a judgment to the clerk of court in order to escape the adversity of G.S. 40-19 which in effect provides that a condemnor's right to take property is lost if the final judgment is not paid within one year. Furthermore, this Court has interpreted G.S. 40-19 to permit the condemnee to withdraw, with the trial court's approval, an amount paid into the court by the condemnor pending appeal. *Public Service Co. v. Lovin,* 9 N.C. App. 709, 177 S.E.

2d 448 (1970). From the above circumstances, it does not appear that the petitioner has voluntarily or intentionally abandoned his right to appeal the issue of expert witness fees. The burden is on the respondents Weatherman to show that the appeal has been abandoned or waived. *Bank v. Miller, supra.* They have not carried the burden of proof. Therefore, since the original order on the payment of expert witness fees is in error and the petitioner has not abandoned this issue, we vacate the order taxing expert witness fees to the petitioner.

[6] In his fifth and last assignment of error, the petitioner contends it was error for the trial court to award counsel fees to respondents Weatherman on a contingent fee basis. The face of the record reveals that the trial court determined counsel fees by taking one-third of the difference between what the Redevelopment Commission had offered the landowners ($11,000.00) and the jury verdict ($25,400.00). G.S. 160-456 (10) (h) (3) gives the trial court authority to include counsel fees as part of the costs, but it only provides for "reasonable counsel fees". A case in point is *Redevelopment Comm. v. Hyder,* 20 N.C. App. 241, 201 S.E. 2d 236 (1973) where this Court said at pages 245 and 246:

> "The use by the court in this case of the contingent fee as the sole guide for a determination of reasonable counsel fees when there is no possibility that the attorney fee may go unpaid does not meet the statutory standard. There are numerous factors for consideration in fixing reasonable attorney fees—the kind of case, the value of the properties in question, the complexity of the legal issues, the time and amount involved, fees customarily charged for similar services, the skill and experience of the attorney, the results obtained, whether the fee is fixed or contingent, *all* afford guidance in reaching the amount of a reasonable fee." (Emphasis added.)

The face of the record in this case shows a determination of counsel fees that is almost identical to the trial court's determination in *Hyder, supra,* which was disapproved by this Court. Counsel for respondents makes the same argument of waiver of the right to appeal this issue due to the 2 November 1973 payment of counsel fees ordered by the trial court. There is no waiver to appeal this issue for the same reasons as previously set out.

A. In the trial and judgment as it relates to just compensation, we find no error.

B. The order allowing expert witness fees is vacated.

C. The order fixing counsel fees is vacated and the matter is remanded for a determination of reasonable counsel fees.

Chief Judge BROCK and Judge MORRIS concur.