## SCHAFFNER v. PANTELAKOS

[98 N.C. App. 399 (1990)]

---

BRUCE SCHAFFNER, GUARDIAN AD LITEM FOR EUGENIA L. SCHAFFNER, MINOR
v. DR. C. G. PANTELAKOS

No. 8912SC683

(Filed 1 May 1990)

**Costs § 1.2 (NCI3d); Rules of Civil Procedure § 41.1 (NCI3d) — action dismissed — costs not paid determination made by judge in second action**

N.C.G.S. § 1A-1, Rule 41(d) requires the judge in a second action following a voluntary dismissal to make his own determination as to costs of the first action not being paid and to allow the plaintiff 30 days within which to pay them; it does not authorize actions to be dismissed because of failure to meet deadlines improperly set in the first action.

**Am Jur 2d, Costs § 18; Dismissal, Discontinuance, and Nonsuit § 39.**

APPEAL by plaintiff from order entered 10 April 1989, *nunc pro tunc* 3 April 1989, by *Britt, Joe Freeman, Judge*, in

CUMBERLAND County Superior Court. Heard in the Court of Appeals 9 January 1990.

*Lester G. Carter, Jr. and Stephen R. Melvin for plaintiff appellant.*

*Walker, Young & Barwick, by Robert D. Walker, Jr. and Don E. Clark, Jr., for defendant appellee.*

PHILLIPS, Judge.

Plaintiff's appeal is from an order dismissing her action with prejudice under Rule 41(d), N.C. Rules of Civil Procedure, which reads as follows:

> (d) *Costs.* A plaintiff who dismisses an action or claim under section (a) of this rule shall be taxed with the costs of the action unless the action was brought in forma pauperis. If a plaintiff who has once dismissed an action in any court commences an action based upon or including the same claim against the same defendant before the payment of the costs of the action previously dismissed, unless such previous action was brought in forma pauperis, the court, upon motion of the defendant, shall make an order for the payment of such costs by the plaintiff within 30 days and shall stay the proceedings in the action until the plaintiff has complied with the order. If the plaintiff does not comply with the order, the court shall dismiss the action.

The circumstances pertinent to the validity of the order follow: By this action, filed on 30 November 1988, the minor plaintiff seeks damages from defendant surgeon because of a burn she allegedly sustained during the removal of her adenoids in August, 1977. An earlier action for the same injury had been brought against defendant surgeon and the Cumberland County Hospital System, Inc. in 1982. That action, which plaintiff brought as a pauper, was voluntarily dismissed as to defendant surgeon without prejudice on 8 December 1987 following a judgment settling plaintiff's claim against the hospital corporation for $11,000. Ten days after the voluntary dismissal defendant surgeon moved for an order taxing the costs of that action against plaintiff. On 23 December 1987 plaintiff responded to the motion, alleging that the costs that defendant outlined in his motion were not allowable "under the Rules or Statutes of the State of North Carolina"; but plaintiff did not

## SCHAFFNER v. PANTELAKOS

[98 N.C. App. 399 (1990)]

allege that she sued as a pauper and if that fact was called to the court's attention, the record does not show it. Following a hearing on 19 January 1988, Judge E. Lynn Johnson entered an order taxing costs in the amount of $650.37 against plaintiff. The order also provided:

> IT IS FURTHER ORDERED that the payment of such costs by the plaintiff to the defendant shall be made within thirty (30) days after entry of this Order, and that any proceedings presently pending in this action are stayed until the plaintiff has so complied.

That order was not appealed. On 16 January 1989, in answering the complaint in *this action* defendant showed that the costs of the prior action had not been paid and moved that the action be dismissed under the provisions of Rule 41(d). On 10 April 1989 when defendant's motion was heard, Judge Britt dismissed this action following only a review of the pleadings in both actions and the arguments of counsel for both parties.

The order dismissing this action is not authorized by Rule 41(d) and we reverse it. The circumstances stated above give rise to the following conclusions of law: (1) Contrary to plaintiff's argument, the order of Judge Johnson in the prior action taxing costs against plaintiff is not void in its entirety because plaintiff sued in that action as a pauper. Under the provisions of Chapter 6 and Article 28 of Chapter 7A of the North Carolina General Statutes, trial judges are authorized to tax court costs, and if the court misused its authority in taxing costs against the pauper plaintiff, that error was waived by her failure to appeal therefrom. 1 Strong's N.C. Index 3d *Appeal and Error* Sec. 14 (1976); *Redevelopment Commission of Winston-Salem v. Weatherman*, 23 N.C. App. 136, 208 S.E.2d 412 (1974). (2) The provision in the cost taxing order directing plaintiff to pay the costs within 30 days and staying any pending undertaking, of which there was none, was not authorized by Rule 41(d) or any other rule or statute and its effect, if any, is limited to that action. It cannot control this action, as Rule 41(d) expressly vests that authority in the judge presiding over the second case. And it is immaterial that plaintiff did not appeal from the directive; for the action that it undertook to control did not come into existence until several months later and an appeal was not authorized under any theory known to us. (3) Upon the court in this action hearing defendant's motion to dismiss and cor-

rectly determining from the record of the two cases that the costs of the first action had been taxed against plaintiff and she had not paid them it was required by Rule 41(d), before dismissing the action, to "make an order" for the payment of the costs within 30 days, and since no such order was made, the dismissal is invalid. In short, in situations like this Rule 41(d) requires the judge in the second action to make his own determination as to costs not being paid and to allow the plaintiff 30 days within which to pay them; it does not authorize actions to be dismissed because of deadlines improperly set in the first action.

Reversed.

Judges EAGLES and ORR concur.